# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
# Honorable Howard R. Tallman

In re:                                   )
                                         )
**EDWARD ARTHUR BOGUNOVICH,**  ) Case No. 13-28152 HRT
                                         )
Debtor.                                  ) Chapter 13
                                         )

## ORDER DENYING CONFIRMATION

This case comes before the Court on Debtor's *Amended Chapter 13 Plan* (docket #17) (the "Plan") and creditor Arlen T. Sloop's objection to confirmation (docket #25) (the "Objection").

The Objection goes to the treatment of Arlen Sloop's secured claim in the Debtor's Plan. The Debtor and his daughter, Beverly Bogunovich, executed a promissory note in favor of Mr. Sloop on June 17, 2000, in the principal amount of $20,800.00 (the "Note"). The Note was for a five year term and provided for interest at the rate of 16% per annum. It further provided for interest only payments of $277.34 monthly until maturity at which time the principal and any outstanding interest were due and payable. Payment of the Note was secured by a deed of trust on the Debtor's rental real property located at 3359 South Federal, Englewood, Colorado (the "Property"). The Debtor defaulted on payment of the principal amount but, from the Note's maturity date through October of 2013, when this bankruptcy case was filed (nearly eight and one-half years), the Debtor continued to make monthly payments in the same amount as the interest payments that he made during the term of the Note.

The parties are in agreement, notwithstanding that the Note matured nine years ago, the fact that the Debtor made partial payments on the note after maturity tolls the statute of limitations. *Hickerson v. Vessels*, 316 P.3d 620, 625 (Colo. 2014) ("In Colorado, under [the partial payment] doctrine, where a debtor voluntarily makes a payment, the payment constitutes a promise to pay the remaining debt and operates to restart the statute of limitations period."). The Note was fully enforceable on the petition date.

The primary focus of the parties' disagreement is how the payments made by the Debtor from June, 2005, through October, 2013, should be credited to the Note. Specifically, the Debtor argues that, because no default interest rate is stated in the Note, Mr. Sloop is entitled to the 8% legal rate of interest under Colorado statute. COLO. REV. STAT. § 5-12-101. Under that statute, the 8% per annum interest rate applies whenever the parties have not agreed on a rate. Debtor argues that the absence of a stated default rate means the parties have not agreed to the rate of interest applicable following the term of the Note. Colorado law supports the Debtor's view under circumstances where the language in a promissory note cannot be reasonably interpreted to reflect an agreed interest rate that accrues on a promissory note obligation following the

ORDER DENYING CONFIRMATION
Case No. 13-28152 HRT

maturity date.  *Clark v. Russell*, 1 Colo. 52 (Colo. Terr. 1867) (citing *Brewster v. Wakefield*, 63 U.S. 118, 119 (1859)).  In *Brewster*, the Supreme Court said

> The appellant agreed in writing to pay a certain sum, at a certain time, with interest thereon at a certain rate (or a certain other sum at interest) at the same time.  His contract to pay interest did not extend beyond the time at which he agreed to pay it; the plaintiff, therefore, although entitled to interest upon his demand until the same is satisfied, is not so entitled by virtue of the defendant's contract to pay it, but by virtue of the law which allows interest upon all liquidated demands from the time they become due until they are paid.

*Brewster v. Wakefield*, 63 U.S. at 119.  Conversely, if the agreed language of the Note specifies the interest rate applicable after maturity, the Note language must control.

The Court has reviewed the Note and cannot find that the language of the Note limits the applicability of the 16% interest rate only to the five year term of the Note.  To the contrary, it says the principal of the Note shall be paid "with interest on the unpaid principal balance from June 17, 2000, until paid."  The "until paid" language does not limit the term the 16% rate is applicable.  The Court construes that language to apply the 16% interest rate until the Note is fully paid, whether that be prior to or after the stated maturity date.

The parties discussed whether the Debtor's post-maturity payments to Mr. Sloop constitute an implied consent to modify the Note in some fashion.  Alternatively, did the Debtor's post-maturity payments coupled with Mr. Sloop's acceptance constitute an agreement for post-default forbearance.  Any such agreement would have to be implied by the conduct of the parties because the Court has no evidence of any explicit agreement.  The Court finds no implied agreement of any character.  Following default, the Note was no longer executory and so was not subject to modification.  As to whether a new agreement can be implied from the parties' conduct, one construction of an agreement is that the Debtor agreed to continue paying 16% interest on the outstanding debt and Mr. Sloop agreed to forbear enforcement of the defaulted Note.  But without evidence of some duration for an implied agreement, the Court cannot find that Mr. Sloop agreed to forbear indefinitely so long as interest payments were made.  Nor can the Court imply any other duration.  That is an essential term that cannot be implied strictly from the conduct of the parties.  The Court finds that the post-maturity payments were not paid pursuant to any agreement between the parties either express or implied.

From the Court's review of the evidence submitted and the arguments of the parties, the Court finds:

1. The Note language controls and the parties agreed to the 16% interest rate until the Note is fully paid.  That interest rate is applicable to the period following the Note's maturity as well as during the original term of the Note.

ORDER DENYING CONFIRMATION
Case No. 13-28152 HRT

    2.    The Debtor made 101 post-maturity payments in the amount of $277.34 monthly through October 17, 2013. Those payments represent the full payment of interest due on the unpaid principal balance of $20,800.00 during each payment period.

    3.    Total interest accrual from October 18, 2013, through the petition date of October 30, 2013, at the rate of 16% on $20,800.00 results in $118.53 unpaid accrued interest as of the petition date.

    4.    The Note contains a late payment penalty fee of 10% for any payment not received within 3 days. Debtor failed to pay the principal amount of the Note on June 17, 2005. As of the petition date, a late payment fee of $2,080.00 was due and payable.

    5.    The total of unpaid principal, accrued interest, and late payment fee as of the petition date results in a debt due on the Note to Mr. Sloop of $22,998.53.

    6.    Based upon the value of the Debtor's Property of $42,500.00 as stated on the Debtor's most recent amended Schedule D (docket #32),[1] the debt to Arlen Sloop on the Note is fully secured.

Because the debt on the Note was fully due and payable on the petition date, it must be fully provided for in the Debtor's Plan. The Property is not the Debtor's principal residence and the anti-modification provision of 11 U.S.C. § 1322(b)(5) does not apply. Therefore, the Debtor may treat the Mr. Sloop's claim on the Note under the provisions of 11 U.S.C. § 1325(a)(5). For purposes of applying § 1325(a)(5)(B)(ii), the allowed amount of the Sloop claim is $22,998.53. As interpreted by the Supreme Court in the case of *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004), the interest rate payable on the Sloop claim must be sufficient to preserve its present value as of the petition date. *Id*. at 469.

*Till* adopted the formula approach to interest rate calculation. That requires the Court to add a risk premium to the prime interest rate to determine the applicable interest to satisfy the requirements of § 1325(a)(5). The Court finds that the prime rate is 3.25%. The Court will add a risk premium of 1% to the prime rate so that the Debtor must pay the Sloop claim of

---

[1] For the purposes of plan confirmation only, the Court accepts the Debtor's estimate of value. Mr. Sloop presented no contrary evidence. Because the parties have submitted no evidence of value and the value of the Debtor's property has not been the subject of an evidentiary determination, the Court's use of that value in this proceeding does not establish the value of the Property for any other purpose.

ORDER DENYING CONFIRMATION
Case No. 13-28152 HRT

$22,998.53 with interest of 4.25% over the life of his plan or choose another of the alternative treatments of secured claims appearing in § 1325(a)(5).

*Till* places the burden of presenting evidence of the appropriate risk premium upon the creditor. *Id*. at 479 ("[S]tarting from a concededly low estimate and adjusting upward places the evidentiary burden squarely on the creditors . . . ."). The Court received no such evidence. As noted in *Till*, courts typically place the risk premium at between 1 and 3 percent to be added to the prime rate. The Court finds that this loan is fully secured by real property. The Debtor's current value estimate of the Property shows enough equity to fully protect Mr. Sloop in the event of default. The Debtor has paid timely interest payments on the matured Note for over eight years, demonstrating an ability to pay. Finally, ongoing payments will be made under a chapter 13 plan where Mr. Sloop will have remedies available in the event Debtor defaults. Accordingly, the Court finds that an interest rate at the low end of the range provides Mr. Sloop with the present value of his claim as required by 11 U.S.C. § 1325(a)(5) and as interpreted by *Till*. The Court will provide the Debtor with an opportunity to amend his Plan to provide a treatment of the Sloop claim that is in accordance with this Order.

In accordance with the above discussion, it is

**ORDERED** that confirmation of Debtor's *Amended Chapter 13 Plan* (docket #17) is DENIED. All objections to confirmation are deemed moot and new objections must be timely filed in accordance with L.B.R. 3015-1(e)(4). It is further

**ORDERED** that on or before **April 9, 2014**, Debtor shall file an Amended Chapter 13 Plan (Plan) together with a Notice conforming to L.B.F. 3015-1.7 that establishes an objection deadline of **April 23, 2014**. The Plan and Notice shall be mailed to the Chapter 13 Trustee and to Mr. Sloop and his counsel. It is further

**ORDERED** that the Debtor shall file the appropriate Verification of Confirmable Plan (Verification) or Certificate and Motion to Determine Notice (Certification) in accordance with L.B.R. 3015-1 by **April 30, 2014**.

Dated this   25th   day of March, 2014.

**BY THE COURT:**

*Howard Tallman*
Howard R. Tallman, Chief Judge
United States Bankruptcy Court